IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MERCED, ) | No. CV-F-05-0662 REC LJO |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION FOR STAY PENDING |
| vs. ) | DETERMINATION BY PANEL ON |
| ) | MULTI-DISTRICT LITIGATION, |
| CHEVRON U.S.A., INC.; SHELL OIL ) | DENYING DEFENDANTS' EX PARTE |
| COMPANY; EXXONMOBIL CORPORATION ) | REQUEST, VACATING ORAL |
| EXXON CORPORATION; KINDER ) | ARGUMENT SET FOR JULY 25, |
| MORGAN ENERGY PARTNERS L.P.; ) | 2005, AND STAYING FURTHER |
| EQUILON ENTERPRISES LLC; SFPP, ) | PROCEEDINGS. |
| L.P. and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendants move to stay the present action pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether to transfer this case to the United States District Court for the Southern District of New York in its capacity as the MDL NO. 1258 court. Also pending are Plaintiff's motion to remand and Defendants' *ex parte* application to continue the hearing on Plaintiff's motion. This matter is suitable for determination without oral argument, see E.D. R. 78-230(h), and argument previously set for Monday, July 25, 2005, at 1:30 p.m.

1

is hereby VACATED.

Prior to this action being filed, the MDL No. 1358 court issued an order requesting that all proceedings in potentially transferable cases be stayed pending such transfer. Defendants argue that this order suggests that this case should be stayed as well and that denying the stay would waste judicial resources and create a risk of conflicting pre-trial rulings in similar cases. The Court is in receipt of a letter from the MDL Panel providing notice of a conditional transfer order issued in this case and remarking that a stay may be appropriate if a pending motion raises questions likely to be common amongst cases that may be consolidated. Plaintiff argues that its case is different from those consolidated into MDL No. 1358 because Plaintiff does not state a cause of action for products liability. There are, however, causes of action within MDL No. 1358 that mirror those in Plaintiff's complaint - failure to warn, negligence and nuisance.

The power to stay proceedings in a case is a matter within the Court's discretion. Goode v. Prudential Ins. Co., 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998). Stays are frequently granted when a decision is pending before the MDL Panel. Id. at 809. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Rivers v. Walt Disney Co., 980 F. Supp. 1360, 1362 (C.D. Cal. 1997).

1    Here, considerations of judicial economy and the potential
2 for conflicting decisions warrant a temporary stay of these
3 proceedings.  Defendants' motion for a temporary stay pending
4 transfer is hereby GRANTED.  Plaintiff's motion to remand is
5 deemed withdrawn without prejudice.  The stay to be imposed
6 renders Defendants' *ex parte* application moot, and therefore the
7 request is hereby DENIED.
8    **ACCORDINGLY, IT IS ORDERED** that this action shall be stayed
9 pending a determination by the MDL Panel regarding transfer and
10 consolidation.
11    **FURTHER ORDERED** that Defendants are ordered to update the
12 Court in writing regarding the status of the consolidation.  Such
13 update is due on or before September 30, 2005.
14
15 IT IS SO ORDERED.
16 **Dated:  July 11, 2005**              /s/ Robert E. Coyle
   ia40ij                            UNITED STATES DISTRICT JUDGE
17
18
19
20
21
22
23
24
25
26

3